IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: Tepezza Marketing, Sales Practices, and Products Liability Litigation<br><br>**THIS DOCUMENT RELATES TO:**<br>**ALL CASES** | Master Case No. 1:23-cv-03568<br><br>MDL No. 3079<br><br>Judge Thomas M. Durkin |

CASE MANAGEMENT ORDER NO. 3
(Protocol for Selection of Initial Bellwether Discovery Cases and Initial
Bellwether Trial Cases, and Authorization of Plaintiff Profile Forms)

**I.      Scope of Order**

In furtherance of the effective and efficient case management of complex litigation, this Case Management Order ("CMO") will govern the guidelines and procedures for selecting twelve cases subject to Fed. R. Civ. P. 12 motion practice and, as necessary, conducting individual case-specific discovery (the "Initial Bellwether Discovery Cases"), and then for selecting a smaller subset of four cases thereafter to be designated to be tried as bellwether cases in this MDL Proceeding (the "Initial Bellwether Trial Cases"). This CMO will also authorize the format for the Plaintiff Profile Form ("PPF") and authorizations to be executed and served by each Plaintiff.

**II.     Determination of cases eligible for Initial Bellwether Discovery Cases**

Cases filed and served in MDL No. 3079 within 15 days of entry of this Order shall be eligible to be selected as an Initial Bellwether Discovery Case. All Plaintiffs with a case filed in MDL No. 3079 are to provide the Defendant a completed PPF and medical records, employment, and social security disability authorizations, in the form attached as Exhibits A and B, within 30 days of the entry of this Order.

A plaintiff is only required to serve the Defendant with an executed psychotherapy authorization (Exhibit A) if the Plaintiff intends to assert a claim for psychiatric and/or

psychological injuries. However, failure to serve an executed psychotherapy authorization is without prejudice to Defendant subsequently seeking discovery of such information as it relates to the claims. Nothing in this Order prevents Plaintiff from objecting to the disclosure of such information in a given case.

A plaintiff is required to serve the Defendant with an executed employment or worker's-compensation authorization (Exhibit A) or social security authorization (Exhibit B) if the plaintiff intends to assert a claim for economic and/or wage loss. However, failure to serve executed employment authorizations is without prejudice to Defendant subsequently seeking discovery of such information as it relates to the claims. Nothing in this Order prevents Plaintiff from objecting to the disclosure of such information in a given case.

For a PPF to be considered completed, the plaintiff must provide responses to all fields in the form and must include all executed authorizations. The medical records authorization must be "hand-signed" (as opposed to electronically signed) by each Plaintiff.  In addition, each Plaintiff shall provide at the same time as the PPF all medical records related to the case that are in the Plaintiff's or Plaintiff's counsel's possession.

Regardless of whether a case shall be included in the bellwether process, all Plaintiffs must complete a PPF, submit executed authorizations, and provide medical records that are in the Plaintiff's or Plaintiff's counsel's possession, within 30 days of filing their Complaint.

Any amendments to complaints filed and served in the MDL shall be made by the date that Plaintiffs select their Initial Bellwether Discovery Cases.

**III.     Selection of Initial Bellwether Discovery Cases**

The twelve Initial Bellwether Discovery Cases will be selected as follows:

A.     **Plaintiffs' Selections – Four Cases**. Within 60 days from the entry of this Order, Plaintiffs' Leadership Committee ("PLC") shall provide to Defendant their

      selection of four Initial Bellwether Discovery Cases. The parties shall jointly submit a proposed Order identifying the four cases selected the following day.

B. **Defendant's Selections – Four Cases**. Within 90 days from the entry of this Order, Defendant shall provide to PLC its selection of four Initial Bellwether Discovery Cases. The parties shall jointly submit a proposed Order identifying the four cases selected the following day.

C. **Random Selections – Four Cases**. Within seven days of the Defendant's identification of its Bellwether Discovery case selections, the parties shall meet and confer to identify the cases eligible for inclusion in the bellwether pool for random selection. Within seven days of completion of that meet-and-confer conference, the parties shall submit to the Court a list of all cases that were filed and served in MDL No. 3079 ("MDL Case List") within 15 days of the entry of this Order. Defendant shall be entitled, but not required, to exclude any Plaintiff from this list who did not serve a completed PPF and executed authorizations on or before the deadline to do so. Following agreement of the parties on the list of eligible cases remaining in the bellwether pool, the parties shall employ a computer-generated application to randomly select four cases, not previously selected by Plaintiffs or Defendant, from the agreed MDL Case List. Upon selection of the random cases, the Parties shall supply the Court with a Stipulation and proposed Order identifying these four cases.

D. Once a plaintiff is in the pool of Initial Bellwether Discovery Cases, such plaintiff cannot voluntarily dismiss without prejudice; any dismissal will be with prejudice, absent agreement of the parties or upon Court Order showing good cause.

    E.    In the event that a case is voluntarily dismissed with prejudice before the selection of Initial Bellwether Trial Cases, the Court may at its discretion allow the selection of a replacement case by the Defendant or Plaintiff, depending upon the circumstances of the dismissal, to ensure the integrity of the bellwether process.

    F.    In selecting their respective Initial Bellwether Discovery Cases, the parties shall select cases that they have a good-faith belief are representative of the body of then-filed cases as a whole, and that should be subject to Fed. R. Civ. P. 12 motion practice, discovery, Fed. R. Civ. P. 56 motion practice, Fed. R. Evid. 702 motions, and trial.

## IV.   *Lexecon* Waivers

Within 14 days of the entry of the Order identifying the Initial Bellwether Discovery Cases selected as described in Section III, subparts A–C, the parties must indicate whether they will waive their rights under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26. If a plaintiff is removed from the Initial Bellwether Discovery Cases pursuant to a *Lexecon* objection, the party that selected that plaintiff shall select a replacement (or replacements) from the MDL No. 3079 of cases filed and served in MDL No. 3079 within 15 days of entry of this Order.

## V.   Motion Practice on Initial Bellwether Discovery Cases

To the extent that Defendant elects to seek dismissal under Fed. R. Civ. P. 12 as to any of the Initial Bellwether Discovery Cases, its deadline for filing shall be within 45 days of the filing of the operative complaint or selection of the case as an Initial Bellwether Discovery case, whichever is later. The Plaintiff shall respond to any Rule 12 motion within 45 days. Defendant shall have 30 days to reply. The Court will schedule oral argument, if desired, thereafter.

In the event that a case selected as one of the Initial Bellwether Discovery Cases is resolved on the merits under Rule 12, that case shall not be replaced.

To maximize efficiency and eliminate repetition, to the extent Defendant seeks dismissal of any of the claims alleged in an Initial Bellwether Discovery Case on a basis common to all of the cases, *e.g.*, federal preemption, Defendant will submit a consolidated motion and supporting memorandum as to any Initial Bellwether Discovery Case to which it argues that common basis applies.

To the extent Defendant seeks dismissal of any of the claims alleged in an Initial Bellwether Discovery Case on a basis that is not common to all of the cases, *e.g.*, under the applicable state law, Defendant will do so by separate motion and memorandum as to that Individual Initial Bellwether Discovery Case.

**VI.    Fact Discovery on Initial Bellwether Discovery Cases**

A.  Each Plaintiff in an Initial Bellwether Discovery Case shall serve a completed Plaintiff Fact Sheet ("PFS") within 30 days of the entry of the Order identifying that Plaintiff as a selection.

B.  Within 30 days of the entry of this Order by the Court, Defendant shall propose a draft Plaintiff Fact Sheet ("PFS") to the PLC and the PLC shall propose a draft Defendant Fact Sheet ("DFS") to Defendant. The parties shall have 15 days thereafter to exchange drafts and otherwise meet and confer on its substance. The final agreed PFS and DFS shall be submitted by the parties to the Court. If the parties are unable to agree on the contents of the PFS and DFS, the parties shall submit simultaneous briefs not to exceed five pages.

C.  The Defendant in each Initial Bellwether Discovery Case shall serve a completed Defendant Fact Sheet ("DFS") within thirty days of the deadline for the PFS. Defendant may move to dismiss and is not required to serve a DFS in any case in which a PFS is not timely served. If a party determines that it needs additional

       written discovery as to one of the Initial Bellwether Discovery Cases, the parties shall meet and confer regarding those issues. If the parties are unable to agree on the additional discovery, the parties shall brief the issue for judicial determination.

    D.    Core Discovery in Initial Bellwether Discovery Cases. Core discovery shall be limited to the depositions of the plaintiff and three medical providers of Defendant's choosing. Plaintiffs are entitled to take one case-specific sales representative of Defendant that interacted with Plaintiff's treating and/or prescribing physician and an additional medical provider of the Plaintiff's choosing if necessary. If a party determines that an additional deposition is necessary, the parties shall meet and confer regarding that issue. If the parties are unable to agree on the additional deposition, the parties shall brief the issue for judicial determination.

    E.    The parties shall meet and confer on a deposition protocol for conducting depositions including order of questioning.

## V. Selection of Initial Bellwether Trial Cases

Within 30 days after close of fact discovery for the twelve Initial Bellwether Discovery Cases, PLC and Defendant's counsel shall each simultaneously submit a memorandum summarizing each of the twelve cases and explain which four of the twelve cases should be tried first, and the basis for that contention. The summary for each plaintiff included in the memorandum shall not exceed three pages.

    A.    The Court will determine which of the four Initial Bellwether Trial Cases will be tried first, based on the parties' filed memoranda.

    B.    In the event that a case selected as one of the Initial Bellwether Trial Cases is voluntarily dismissed with prejudice by Plaintiffs after the selection of the four Initial Bellwether Trial Cases, Defendant shall have the option (but shall not be

required) to select a new trial case to replace it from the Initial Bellwether Discovery Cases.

C. In the event that a case selected as one of the Initial Bellwether Trial Cases is resolved on the merits after the selection of the four Initial Bellwether Trial Cases, that case shall not be replaced.

D. In the event that a case selected as one of the Initial Bellwether Trial Cases is resolved via settlement after selection of the four Initial Bellwether Trial Cases, that case may, but is not required to be replaced by the party who initially selected the settling case to be an Initial Bellwether Discovery Cases

E. Deadlines related to supplemental fact discovery, experts, Fed. R. Civ. P. 56, and Fed. R. Evid. 702 briefing for Initial Bellwether Trial Cases shall be imposed in a separate Order.

F. If the Court schedules multiple sequential trials, it will set trial-related deadlines after ruling on Fed. R. Civ. P. 56 and Fed. R. Evid. 702 motions in connection with each of the four Initial Bellwether Trial Cases.

G. This Order may be modified or amended by the agreement of the parties or for good cause shown, after appropriate notice and opportunity to be heard is provided to the affected parties, when the Court finds the interests of justice dictates modification.

**IT IS SO ORDERED.**

Ordered this 1st day of November, 2023.

*Thomas M Durkin*
Thomas M. Durkin
United States District Judge